AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Ohio

| | |
|---|---|
| United States of America<br>v.<br><br>Miguel JIMENEZ-DIAS<br><br>_Defendant(s)_ | Case No. 2:22-mj-427 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of ___Miguel JIMENEZ-DIAS___ in the county of ___Franklin___ in the
___Southern___ District of ___Ohio___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) | knowingly and intentionally possessing with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its Isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841 (a)(1) and (b)(1)(A)(viii). |

This criminal complaint is based on these facts:
See attached affidavit, incorporated in reference herein

☑ Continued on the attached sheet.

_Complainant's signature_

DEA SPECIAL AGENT I. VIDOVIC
_Printed name and title_

Sworn to before me and signed in my presence.

Date: 6-16-22

_Judge's signature_

City and state: Columbus, Ohio

Chelsey M. Vascura, U.S. Magistrate Judge
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Ivana Vidovic, being first duly sworn, do depose and state:

I am employed as a Special Agent with the Drug Enforcement Administration (DEA), United States Department of Justice, and have been so employed since March 14, 2021. As such, I am an investigative or law enforcement officer within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in 18 U.S.C. § 2516. My training includes completing the DEA Basic Agent Training Academy in Quantico, Virginia, in 2021, where I received specialized narcotics-related training about drug identification, interviewing and interrogating, managing informants, undercover operations, conspiracy investigations, surveillance and electronic monitoring techniques, tactical application of narcotics enforcement, search and seizure law, pharmaceutical diversion, clandestine drug labs, and money laundering investigations. As a Special Agent with the DEA, I have participated in numerous narcotics investigations involving physical and electronic surveillance; execution of search and arrest warrants; international drug importations; and domestic drug distribution organizations.

## PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of an application for a federal arrest warrant and complaint against **Miguel JIMENEZ-DIAS** (hereinafter referred to as "JIMENEZ-DIAS"). My knowledge of this investigation is based upon my own personal observations, as well as the observations and investigation conducted by other law enforcement officers knowledgeable of the facts and circumstances involved in the subject investigation. I have not included in this Affidavit all the facts known to me, but only that information sufficient to establish probable cause to believe that JIMENEZ-DIAS has committed a violation of Title 21, United States Code (U.S.C) Section 841 (a)(1) and (b)(1)(A)(viii) ---- knowingly and intentionally possessing with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance.

## FACTS SUPPORTING PROBABLE CAUSE

2. On June 15, 2022, while working in an undercover capacity, a Franklin County Sheriff's Office (FCSO) Detective telephonically communicated and arranged the purchase of 30 pounds of methamphetamine with an individual believed to be in Mexico. The undercover Detective arranged to purchase the 30 pounds of methamphetamine for $75,000.00 in United States currency. After arrangements were made to conduct the transactions on the same date, the undercover Detective was instructed to meet with an individual at 5219 Godown Road in Columbus, Ohio to purchase the 30 pounds of methamphetamine.

3. After the instructions were provided to the undercover Detective, arrangements were made between the undercover Detective and the individual believed to be in Mexico, to change

1

the meeting location to 1478 Bethel Road in Columbus, Ohio. It should be noted the 1478 Bethel Road location is within close proximity to the 5219 Godown Road location. Shortly after arrangements were made, the undercover Detective observed a Chevrolet Silverado bearing Ohio registration (PML-9969) pull to the passenger side of the undercover Detective's vehicle. Shortly after its arrival, the undercover Detective and the driver, identified as Miguel JIMENEZ-DIAS, began speaking. During conversation, JIMENEZ-DIAS asked if the undercover Detective had the "stuff." At this time, the undercover Detective believed JIMENEZ-DIAS was asking if the undercover Detective had the $75,000 to purchase the 30 pounds of methamphetamine. The undercover Detective confirmed he had the money and asked JIMENEZ-DIAS if he had "the stuff" referring to the 30 pounds of methamphetamine. JIMENEZ-DIAS confirmed he did and instructed the undercover Detective to open his trunk. At this time, the undercover Detective believed JIMENEZ-DIAS wanted the undercover Detective to open the truck to covertly place the 30 pounds of methamphetamine in the trunk of the undercover vehicle.

4. As JIMENEZ exited his vehicle, SWAT officers approached and JIMINEZ-DIAS attempted to flee but was quickly apprehended. Once JIMENEZ-DIAS was taken into custody, investigators with FCSO Special Investigations Unit (SIU) observed a large duffle bag on the front seat of JIMENEZ-DIAS' Chevrolet Silverado. Investigators discovered several large packages within the duffle bag weighing approximately 33 pounds.

5. JIMENEZ-DIAS was transported to Franklin County Sheriff's Office Detective Bureau to be interviewed. During the interview, JIMENEZ-DIAS was provided with a Constitutional Rights Wavier form and agreed to speak with investigators. While speaking with investigators, JIMENEZ-DIAS admitted he was at the location to provide methamphetamine (referenced as ice). Your Affiant knows, based on training and experience, the term "ice" is slang terminology for methamphetamine.

6. Investigators conducted a field test on a representative sample from one of the packages containing a hard-crystal like substance. During the test, it was discovered the substance tested presumptive positive for methamphetamine.

//

//

//

//

2

7. Based upon this information, your Affiant believes probable cause exists that on the above date, in the Southern District of Ohio, **Miguel JIMENEZ-DIAS** did knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of 21 U.S.C. Section 841 (a)(1) and (b)(1)(A)(viii).

Ivana Vidovic
Special Agent
Drug Enforcement Administration

Sworn before me and subscribed in my presence on this 16 day of June, 2022, in Columbus, Ohio.

UNITED STATES MAGISTRATE JUDGE

Chelsey M. Vascura, U.S. Magistrate Judge